# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| CHRISTOPHER STEWART, ) | |
| ) | CIVIL ACTION FILE NO: 5:15-cv-360-MTT-MSH |
| Plaintiff, ) | _____ |
| ) | |
| V. ) | |
| ) | |
| SHARON LEWIS and WAYNE ) | |
| WELLS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW plaintiff and respectfully shows as follows:

1.

This is an action for violation of Eighth and Fourteenth Amendment rights, including the right to medical treatment under 42 USC §1983 and to be free of cruel and unusual punishment.

2.

This Court has jurisdiction under 28 USC §1331 and §1343.

3.

The actions of the individual defendants were taken under color of state law.

4.

Each individual defendant is subject to the jurisdiction of the Court.

1

5.

Venue is proper under 28 USC §1391(b)(1) because a substantial part of the events or omissions giving rise to plaintiff's claim occurred in this district.

6.

Plaintiff is presently incarcerated.

7.

He has exhausted all administrative remedies.

8.

On June 13, 2013, he was transferred to Macon State Prison.

9.

On August 5, 2013, plaintiff was seen by Dr. Chiquifa Fye. Dr. Fye was the Medical Director at Macon State Prison. She stated that plaintiff needed to see a specialist and referred him to Dr. Mark Wiggins at GSP who ordered surgery for plaintiff.

10.

Plaintiff has suffered from a medical condition described as hammertoes. He has an 18 inch stainless steel rod in his right leg.

11.

Hammertoes is a contracture (binding) of one or both joints of the second, third, fourth or fifth little toes. This abnormal binding can put pressure on the toe when wearing shoes, causing problems to develop. Hammertoes usually start out as mild deformities and get progressively worse over time.

12.

An inmate who has a hammertoe deformity has a serious medical need.

13.

On or about December 10, 2013, plaintiff was seen by Dr. Mark Wiggins. He considered plaintiff's condition and recommended surgery.

14.

Dr. Wiggins scheduled plaintiff for such surgery.

15.

Nevertheless, on February 10, 2014, Dr. Fye informed plaintiff that defendant Wells and defendant Lewis, who were employed in the Utilization Management Department of the Department of Corrections, had denied his surgery.

16.

They did so for nonmedical reasons. Specifically, according to the warden's response on December 22, 2014, defendants denied the consult "due to hammertoes

and bunions are not an eligible coverable illness according to the Summary of Healthcare Benefits."

17.

On November 24, 2014, plaintiff was transferred to an institution run by the Corrections Corporation of America and thereafter, received the recommended surgery.

18.

The denial of the recommended medical treatment was cruel and unusual punishment.

19.

Plaintiff suffered grievous pain for such denial.

20.

As a proximate result of defendants' actions, plaintiff has been damaged in the amount of $350,000.

21.

Because of defendants' reckless disregard of plaintiff's rights and their deliberate indifference to his medical needs, plaintiff is entitled to $350,000 to deter defendants from repeating their wrongful conduct.

22.

Plaintiff is entitled to reasonable attorney fees under 42 USC §1988 and because of defendants' bad faith. <u>Sims v. Amos</u>, 340 F.Supp. 691, 694 (M.D. Ala. 1972) aff'd. 409 U.S. 942 (1972).

WHEREFORE plaintiff prays:

1) For judgment as set out above;

2) For jury trial;

3) For such other and further relief as is just and proper.

                                                    Respectfully submitted,

                                                    <u>/s/ Ralph Goldberg</u>
                                                    Ralph Goldberg
                                                    Ga. Bar No. 299475
                                                    Attorney for Plaintiff

Goldberg & Cuvillier, P.C.
1400 Montreal Rd., Suite 100
Tucker, GA 30084
770-670-7343
770-670-7344 – FAX