# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHRISTOPHER STEWART, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:15-CV-360(MTT) |
| WAYNE WELLS, | ) |
| Defendant. | ) |

## ORDER

Magistrate Judge Stephen Hyles recommends granting the Defendant's motion for summary judgment (Doc. 31) in this Section 1983 deliberate indifference to medical needs case. Doc. 36. The Plaintiff has objected to the recommendation. Doc. 38. Specifically, the Plaintiff objects to the Magistrate Judge's treatment of the Plaintiff's response to the Defendant's statement of material facts and the Magistrate Judge's failure "to view the facts from the viewpoint of [the P]laintiff" in finding that no material issues of fact remained regarding the Defendant's deliberate indifference to the Plaintiff's medical needs. *Id.* at 1. The Plaintiff argues that the Magistrate Judge's errors are made plain in the following statement from the Recommendation:

> The Court finds that Plaintiff's objections are generally not supported by the record. Thus, many facts which Plaintiff "contests" have been included among the undisputed facts in this case.

Doc. 36 at 3 n.1; Doc. 38-1 at 1.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and made a de novo determination of the portions of the Recommendation to

which he objects. The Plaintiff is right to take issue with the Magistrate Judge's footnote excerpt above, which fails to identify any of the "many" objections not supported by the record, giving the erroneous impression that the Magistrate Judge might have ignored asserted disputes from the Plaintiff's response to the Defendant's statement of material facts without explanation or justification. But it is apparent from the body of the Recommendation that, despite the footnote's wording, the Magistrate Judge considered all of the evidentiary materials submitted in support and opposition of the motion for summary judgment.[1] The Court agrees with the Magistrate Judge that, drawing all justifiable inferences in favor of the Plaintiff, the Defendant has met his burden and is due summary judgment as a matter of law because the undisputed facts of the case show that the Defendant denied the Plaintiff surgery in order for meaningful conservative treatment to be attempted first. The Recommendation (Doc. 36) is **ADOPTED as modified**, so that the two footnotes[2] are not part of the order of this

---

[1] One piece of evidence the Magistrate Judge did not explicitly address in the Recommendation is the Defendant's comment in his second medical consultation to "Please check GDC coverage for this procedure." Doc. 31-4 at 42. The Plaintiff argues in his objection and reply that this comment presents an issue of material fact as to whether "the surgery was not done for non-medical reasons." Docs. 38-1 at 14-15; 41 at 3-4. But, without more, the Court does not find an inconsistency between the Defendant's comment and his deposition and affidavit testimony that he wanted to attempt conservative treatment to address the Plaintiff's hammertoes before resorting to surgery. Docs. 31-4 at 10:24-11:7; 31-5 ¶ 9. If the Defendant wanted to try conservative treatment before surgery, he would naturally check the coverage in case it later became apparent that surgery would be necessary after all. Accordingly, the comment does not create a genuine dispute of material fact which would preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."); *id.* ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

[2] The Court does not join in the Magistrate Judge's condemnation of the Plaintiff's counsel's conduct in the second footnote. *See* Doc. 36 at 9 n.2. But the Court does take issue with the Plaintiff's counsel's misreading or misrepresentation of deposition testimony and evidence in his objection to the Recommendation. *Compare* Doc. 38-1 at 6 (contending that "Hammertoes was not an eligible coverable illness" for surgery, citing the Georgia Department of Corrections Summary of Healthcare Benefits), *with* Doc. 31-4 at 36 (the Summary of Healthcare Benefits, which states clearly that surgery to correct hammertoes *is* an eligible benefit characterizing GDC policy if the hammertoe is accompanied with "complications or severe deformity"); *compare* Doc. 38-1 at 12 (contending that Dr. Wells "did not even

Court, but the rest of the Recommendation is made the order of this Court. The Defendant's motion for summary judgment (Doc. 31) is **GRANTED**, and the Plaintiff's claims are accordingly **DISMISSED with prejudice**.

**SO ORDERED,** this 6th day of February, 2018.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

read Mr. Stewart's medical record," citing the Defendant's deposition at 5), *with* Doc. 31-4 at 2:16-25 (page 5 of the Defendant's deposition, which demonstrates clearly that the Defendant had not read Stewart's medical file *to prepare for the Defendant's deposition*; it did not show that the Defendant had not read the medical file in determining treatment).